IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randolph Hutto, #291812,<br><br>     Petitioner,<br><br>vs.<br><br>State of South Carolina,<br><br>     Respondent. | C/A No. 0:08-2188-TLW-PJG<br><br>**REPORT AND RECOMMENDATION** |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment (Docket Entry 29). The petitioner, Randolph Hutto ("Hutto"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (Docket Entry 32.) Hutto filed two responses in opposition to the respondent's motion. (Docket Entries 41 & 42.) The motion is now before the court for a Report and Recommendation.

### BACKGROUND

Hutto was indicted in January 2003 in Barnwell County for murder (03-GS-06-023). (App. at 755-56, Docket Entry 30-8 at 137-38.) Hutto was represented by Joshua Koger, Esquire, and on March 18-20, 2003, was tried by a jury and found guilty of voluntary manslaughter. (App. at 739, Docket Entry 30-8 at 121.) The circuit court sentenced Hutto to twenty-two years' imprisonment. (App. at 751, Docket Entry 30-8 at 133.)

Hutto appealed and was represented by Robert M. Dudek, Esquire, of the South Carolina Office of Appellate Defense. On May 13, 2004, Dudek filed an Anders[1] brief and a petition to be relieved as counsel in which he presented the following issue:

> Whether the court erred by allowing Investigator Rodney Pruitt to testify appellant's injuries were not consistent with him being hit by an iron as appellant told the police, and to testify that the iron was used to commit the homicide, since this testimony was beyond the investigator's law enforcement training, and impermissibly impugned appellant's credibility?

(Docket Entry 30-12 at 4.) Hutto filed a *pro se* response on June 28, 2004 in which he raised nine issues:

> I. Does the S.C. Court of Appeals ha[ve] subject matter jurisdiction to entertain, and adjudicate Appellant[']s appeal when there is no written court order granting or denying his post-trial motion to adhere to Rule 29 SCRCrimp?
>
> II. Did the Circuit Court lack subject matter jurisdiction on the charge of murder when the charging instrument does not sufficiently allege the necessary elements of the specific time of the assault, and the specific time of death of the deceased?
>
> III. Did the Circuit Court lack subject matter jurisdiction on the charge of murder when the charging instrument did not allege Appellant murdered the deceased which violates written statutory law?.
>
> IV. Did the Circuit Court lack subject matter jurisdiction when the prosecutor in reality appeared before the grand jury as the sole witness?
>
> V. Did the Circuit Court lack jurisdiction to entertain and adjudicate Appellant[']s criminal case, when Appellant[']s indictment was not filed with the Clerk of Court?

---

[1] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



VI. Did the Circuit Court commit Constitutional error, when the Court instructed the jury to consider Appellant[']s written statement as evidence, when the provisions of the S.C. Code Ann. § 19-1-80 and 19-1-90 were not met in this case?

VII. Did the Circuit Court commit Constitutional error when the Court did not charge the jury on the law for involuntary manslaughter when there was evidence adduced at trial which portrays involuntary manslaughter?

VIII. Did the trial court err[] by not granting Appellant[']s motion for a direct[ed] verdict when the jury had to speculate, and conjecture as to the Appellant[']s guilt?

IX. Did the trial court err[] by not granting Appellant[']s motion for a new trial when no rational trier of fact would find Appellant guilty of every fact, and element of the offense of voluntary manslaughter beyond a reasonable doubt?

(Docket Entry 30-13 at 6-7.) In a *per curiam* opinion, the South Carolina Court of Appeals dismissed Hutto's appeal. (State v. Hutto, 2004-UP-647 (S.C. Ct. App. December 21, 2004), Docket Entry 30-14). Hutto filed a *pro se* petition for rehearing, (Docket Entry 30-15), which the South Carolina Court of Appeals denied. (Docket Entry 30-16.) The remittitur was issued on March 28, 2005. (Docket Entry 30-17.) Hutto did not appeal to the South Carolina Supreme Court.

On November 21, 2005, Hutto filed an application for post-conviction relief ("PCR") in which he raised the following issues: (1) ineffective assistance of trial counsel and (2) trial court lacked subject matter jurisdiction. (See Hutto v. State of South Carolina, 05-CP-06-1323, App. at 772-78, Docket Entry 30-9 at 17-23.) The State filed a return on January 5, 2006. (App. at 779-83, Docket Entry 30-9 at 24-28.) Counsel for Hutto filed a supplemental application raising five issues:

1. Appellant was denied effective assistance of counsel, and due process, in the trial of his case, when Trial Counsel failed to object to those portions of the Solicitor's closing argument, in which the Solicitor invited the jurors to put themselves in the defendant's shoes.

PJG

2.	Applicant was denied effective assistance of counsel, and due process, in the trial of his case, when Trial Counsel failed to object to those portions of the Solicitor's closing argument in which the Solicitor bolstered the state's case by impermissibly "vouching" for the evidence from the victim.

3.	Applicant was denied effective assistance of counsel, and due process, in the trial of his case, when Trial Counsel failed to object to the facial defect of the indictment, which failed to assert that the killing was done "feloniously" as required by the statute, 17-19-30.

4.	Applicant was denied effective assistance of counsel, and due process, in the trial of his case, when Trial Counsel failed to object to the trial court's instructions which effectively amended the indictment.

5.	Applicant was denied effective assistance of counsel, and due process, in the trial of his case, when Trial Counsel failed to object to the trial court's admission of testimony of a state's expert witness involving blood and blood spatters, without the blood having been identified as coming from the victim.

(App. at 784-85, Docket Entry 30-9 at 29-30.)

The PCR court held an evidentiary hearing at which Hutto appeared and testified and was represented by Elmer (Pete) Kulmala, Esquire. (App. at 815-44, Docket Entry 30-9 at 58-87.) At the hearing, Kulmala informed the court that he would be proceeding on grounds 1, 2, and 5, as well as an additional claim of ineffective assistance of trial counsel for failure to object to a defective indictment. (See Transcript, App. at 818-20, Docket Entry 30-9 at 61-63.) The PCR judge dismissed Hutto's PCR application. (Docket Entry 30-18.)

Hutto appealed and was represented by Robert M. Pachak, Esquire, of the South Carolina Commission on Indigent Defense. On June 1, 2007, Attorney Pachak filed a Johnson[2] Petition for Writ of Certiorari and a petition to be relieved as counsel in which he presented the following issue:

---

[2]Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals).



> Whether defense counsel was ineffective in failing to object to the solicitor's closing argument about the victim's blood at the crime scene when that blood was never tested to determine whether it was the victim's or petitioner's?

(Docket Entry 30-19 at 3.) Hutto filed a *pro se* response to the Johnson petition, raising the following issues:

> I. Defense counsel was ineffective for failing to object to the solicitor's improper closing argument that unduly prejudiced petitioner.
>
> II. Defense counsel was ineffective for failing to object to the defective indictment as mandated by S.C. Code Ann. § 17-19-30, when the indictment failed to allege the essential elements of "feloniously and willfully" and for counsel's failure to object Petitioner was denied due-process of law that is protected under the Fourteenth Amendment of the United States Constitution.

(Docket Entry 30-20 at 3.) The South Carolina Court of Appeals denied certiorari. (Docket Entry 30-21.) The remittitur was issued on May 19, 2008. (Docket Entry 30-22.)

On February 11, 2008, Hutto filed a second state PCR application in which he raised the following grounds: (1) ineffective assistance of trial counsel and (2) ineffective assistance of appellate counsel. (See Hutto v. State of South Carolina, 08-CP-06-049, Docket Entry 37-2 at 17-23.) The PCR court issued a conditional order of dismissal of July 28, 2008, giving Hutto the opportunity to show why his petition should not be ruled to be successive and untimely. (Docket Entry 37-3.) Hutto was served with this order on August 13, 2008. (Docket Entry 37-4.) On April 13, 2009, the South Carolina Supreme Court dismissed Hutto's appeal from the PCR court's order based on its determination that Hutto failed to show that the PCR court's determination that his PCR action was barred as successive or untimely was improper. (See Docket Entry 45-2) (citing Rule 227(c), SCACR).

*PJG*

# FEDERAL HABEAS ISSUES

Hutto raises the following issues in his Petition:

**Ground One:** Actual Innocence; I raise claims of actual innocence on the following grounds:
> **Supporting Facts:** I am innocent of the charge of murder because I was convicted of insufficient evidence where the blood evidence was not tested to prove whose blood it was, no chain of custody, and there was and is factual supporting evidence of self-defense where I should have if convicted at all, I should have been convicted of involuntary manslaughter or acquitted.

**Ground Two:** Denial of Due Process, Fundamental Fairness and effective assistance of counsel/actual innocence.
> **Supporting Facts:** I was denied effective assistance of trial counsel where counsel did not move for a timely suppression hearing due to the defective chain of custody.

**Ground Three:** Ineffective assistance of trial counsel and denial of fundamental fairness.
> **Supporting Facts:** Trial counsel was ineffective for failing to object to allowing the blood evidence into evidence due to the defective chain of custody.

**Ground Four:** Denial of fundamental fairness and due process of law.
> **Supporting Facts:** Trial counsel was ineffective for failing to object to the courts charge to the jury on voluntary manslaughter when there was no evidence to support malice; counsel was ineffective for failing to object to Solicitor's closing argument about the victim's blood at crime scene when the blood was never tested to determine whether it was the victim's or Petitioner's; Trial counsel failed to object to facial defects in the indictment.

(Pet., Docket Entry 1.)

# DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

*PJG*

B.  **Habeas Corpus Standard of Review**

1. **Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2. **Exhaustion Requirement**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700,

Page 8 of 16

PJG

714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

C.  Respondent's Motion for Summary Judgment

   1.  Procedural Bar

As an initial matter, the respondent argues that Grounds Two, Three, and Four of Hutto's federal habeas Petition are procedurally barred from consideration. Upon review of the record, the court finds that Grounds Two, Three, and a portion of Ground Four are procedurally barred.[3]

In Ground Two, Hutto alleges that his trial counsel was ineffective based on his failure to timely move for a suppression hearing due to an allegedly defective chain of custody. In Ground Three, Hutto alleges that his trial counsel was ineffective based his failure to object to the admission of the blood evidence due to the defective chain of custody. In Ground Four, Hutto alleges that his trial counsel was ineffective based his failure to object to (a) the court's voluntary manslaughter charge when there was no evidence to support malice, (b) the solicitor's reference in his closing argument to the victim's blood at crime scene, and (c) the facial defects in the indictment.

---

[3]The court notes that Hutto appears to assert additional claims in his memorandum attached to his Petition. However, a review of these claims reveals that they have not been presented to the state courts either on direct appeal or through Hutto's PCR action. Therefore, these issues would be procedurally barred. See Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding").

Grounds Two, Three, and Four(a) were not raised to or ruled upon by the PCR court in Hutto's first PCR action and therefore would not have been preserved for state appellate review.[4] See Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) (holding that issues must be raised to and ruled on by the PCR judge to be preserved for appellate review); Rule 59(e), SCRCP (providing avenue for any party to move to alter or amend a judgment). Further, it appears that Hutto attempted to raise Ground 4(a) in his second PCR action; however, this PCR court dismissed this action as successive and untimely under state law without ruling on the merits of this claim. Accordingly, Hutto has not properly exhausted these claims and the merits of these claims would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. See Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004).

Thus, these claims are unexhausted and procedurally barred unless Hutto can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." See Coleman, 501 U.S. at 750. In this case, Hutto appears to allege cause and actual prejudice for procedurally defaulting on all of these claims as well as that a fundamental miscarriage of justice will occur by failing to consider these claims. "Cause" ordinarily requires "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488

---

[4] In Hutto's PCR action, he did allege that trial counsel was ineffective due to his failure to object to the admission of testimony involving blood and blood spatters *based on the fact that the blood was not identified as coming from the victim*, he did not raise any claims pertaining to an alleged *defective chain of custody*, as he claims in Ground Three. However, even if this PCR court did rule on this issue, it was not raised in Hutto's PCR appeal and would be procedurally barred on that basis. See Picard, 404 U.S. at 275-76.

Page 10 of 16

PJG

(1986)). To demonstrate that a fundamental miscarriage of justice will occur, a petitioner can show "actual innocence."

In support of his assertion that there is cause for procedurally defaulting on these claims, Hutto appears to argue that his PCR counsel failed to amend his PCR application to include all of the grounds he is asserting in this Petition. However, "there is no constitutional right to an attorney in state post-conviction proceedings." Coleman, 501 U.S. at 752. Accordingly, there can be no right to effective assistance of counsel where there is no constitutional right to counsel. Wainright v. Torna, 455 U.S. 586 (1982). Since there is no right to effective assistance of counsel in state PCR proceedings, ineffective assistance of counsel cannot serve as cause for Hutto's default. Coleman, 501 U.S. at 753-55; see also Sidebottom v. Delo, 46 F.3d 744, 751 (8th Cir. 1995) (stating that the failure of a petitioner's PCR counsel to preserve grounds for appeal cannot constitute cause); Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir. 1992) ("Ineffectiveness of counsel does not provide sufficient cause to excuse procedural default when counsel is not constitutionally mandated."). Accordingly, Hutto has failed to demonstrate cause for the procedural default.

In support of his claim that the procedurally defaulted claims should be considered, Hutto also asserts that a fundamental miscarriage of justice will occur because he is actually innocent. However, to establish "actual innocence," a petitioner must produce new evidence that was not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir.1999). Hutto's assertion that he is actually innocent and summarizing pieces of the evidence presented at the trial, without more, does not satisfy this standard. Id. Accordingly, Hutto has failed to

PJG

demonstrate that a fundamental miscarriage of justice will occur by failing to consider these claims. Therefore, Grounds Two, Three, and Four(a) are procedurally barred from federal habeas review.[5]

### 2. Ground One

In Ground One, Hutto alleges that his actually innocent. In support of this argument, Hutto contends that the evidence was insufficient to convict him of murder and, further, that at most he should have been convicted of involuntary manslaughter based on his evidence supporting a claim of self-defense. However, a claim of actual innocence is not itself a cognizable ground for federal habeas relief. See Herrera v. Collins, 506 U.S. 390, 404 (1993) (stating that a claim of actual innocence is not a freestanding claim cognizable on federal habeas review, but merely a "gateway through which a habeas petitioner must pass" to have an "otherwise barred unconstitutional claim considered on the merits"). To the extent that Hutto attempts to assert that his Due Process rights were violated because the evidence was insufficient, he has presented nothing to demonstrate that the South Carolina Court of Appeals unreasonably misapplied clearly established federal law in conducting its Anders review of Hutto's direct appeal issues, including sufficiency of the evidence. Williams v. Taylor, 529 U.S. at 410.

### 3. Ground 4(b) & (c)

While Hutto states that Ground Four is "Denial of Fundamental Fairness and Due Process of Law," upon reviewing Hutto's statement of the facts, the court finds that Ground Four actually consists of three claims of ineffective assistance of counsel. As stated above, Ground 4(a) is procedurally barred. In the remainder of Ground Four, Hutto alleges that his trial counsel was

---

[5]Even considering the merits of these grounds, for the reasons stated in the respondent's amended return and memorandum of law in support of summary judgment, Hutto would not be entitled to federal habeas relief on any of these grounds. (Docket Entry 37 at 30-36.)

ineffective for failing "to object to [the] Solicitor's closing argument about the victim's blood at crime scene when the blood was never tested to determine whether it was the victim's or Petitioner's" (Ground Four(b)) and "to object to facial defects in the indictment" (Ground Four(c)). (Pet., Docket Entry 1.)

To demonstrate ineffective assistance of counsel, Hutto must show, pursuant to the two-pronged test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, Hutto must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, Hutto "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

The PCR court found that trial counsel's testimony was credible and Hutto's was not. (Docket Entry 30-18 at 4, 7.) Specifically, with regard to Ground 4(b), the PCR court noted that trial



counsel testified that he did not object to the solicitor's closing argument statements for two reasons: first, because they were not objectionable and second, for strategic reasons, as objecting during closing arguments can be harmful to a defendant. (Id.) The PCR court found that the statements were not improper. (Id. at 5.) Further, the PCR court concluded that there was overwhelming evidence of Hutto's guilt and, therefore, to the extent that counsel was deficient, it was not prejudicial. (Id.)

With regard to Ground 4(c), the PCR court found that defects in the indictment do not affect the subject matter jurisdiction of the trial court, as subject matter jurisdiction is the power of a court to hear a particular class of cases. (Id. at 6-7.) Therefore, the PCR court concluded that the trial court had jurisdiction over Hutto's case. (Id. at 7.) During the PCR hearing, trial counsel testified that he did not object to the indictment because if successful, Hutto would have been re-indicted, or as noted by the PCR court, the state could have amended the indictment. (App. at 835, Docket Entry 30-9 at 78.) Further, trial counsel did not believe the indictment was defective. (Id.) Moreover, PCR counsel conceded that this issue was without merit and indicated that the indictment was not defective. (App. at 830-31, Docket Entry 30-9 at 73-74.) The PCR court determined that Hutto could not demonstrate that trial counsel was defective in failing to object to the indictment or that Hutto was prejudiced. (Docket Entry 30-18 at 7-8.)

Based on the above discussion and upon review of the record, Hutto has failed to establish that the trial court's failure to object to the solicitor's closing argument and the indictment constituted ineffective assistance of counsel. Strickland, 466 U.S. at 694; United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) ("Under the first prong of Strickland, we apply a 'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable

professional assistance.' "). Moreover, Hutto has not demonstrated that the state courts unreasonably misapplied any clearly established federal law or made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1) (2); Williams v. Taylor, 529 U.S. at 410; see also 28 U.S.C. § 2254(e)(1) (stating that state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence). Accordingly, he has not shown that habeas relief is warranted on these claims.

## RECOMMENDATION

Grounds Two, Three, and Four(a) are procedurally barred from federal habeas review. Ground One is not properly cognizable in a federal habeas petition. As to Ground Four(b) and (c), Hutto has failed to show that the state courts unreasonably misapplied clearly established federal law or made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Based upon the foregoing, the court recommends that the respondent's motion for summary judgment (Docket Entry 29) be granted.

August 21, 2009  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).